# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA DUDLEY, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-1157 |
|     v. | : | |
| | : | (Judge Rambo) |
| OFFICER TIM BROWN, *et al.*, | : | |
|     Defendants | : | |

## **MEMORANDUM**

This matter is before the Court pursuant to the partial motion to dismiss filed by Defendants Officer Tim Brown ("Brown"), Officer Clark ("Clark"), Sergeant Craig ("Craig"), Officer Rowe ("Rowe"), Officer Hammer ("Hammer"), Warden Brian S. Clark ("Warden Clark"), and Director of Security Roger Lucas ("Lucas").[1] (Doc. No. 26.) *Pro se* Plaintiff Joshua Dudley ("Plaintiff") has neither filed a brief in opposition nor a motion seeking an extension of time to do so. Accordingly, because the time for Plaintiff to respond has expired, the partial motion to dismiss is ripe for disposition. For the following reasons, the Court will grant the partial

---

[1] As noted *infra*, on July 17, 2019, Plaintiff filed what was docketed as a supplement to his complaint. (Doc. No. 7.) In that supplement, Plaintiff indicated that he wished to also proceed against Defendants Warden Clark and Lucas and that he was amending his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. (*Id.* at 7-8.) Although Defendants Warden Clark and Lucas were not officially served, counsel has filed the partial motion to dismiss on their behalf as well. (Doc. No. 26.) Defendants have also treated Plaintiff's supplement as an amended complaint. The Court will therefore direct the Clerk of Court to note on the docket that Plaintiff's supplement is an amended complaint and to add Warden Clark and Lucas to the docket as Defendants in this matter, with a notation that they are represented by attorney Stephen B. Edwards.

motion to dismiss, dismiss *pro se* Plaintiff Joshua Dudley ("Plaintiff")'s claims against Defendants Clark, Craig, Hammer, Warden Clark, and Lucas, and grant Plaintiff leave to file an amended complaint.

**I.   BACKGROUND**

Plaintiff, who is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI Camp Hill"), initiated the above-captioned action on July 3, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Brown, Clark, Craig, Rowe, and Hammer, all of whom are employed at the Dauphin County Prison ("DCP"). (Doc. No. 1.) He filed a motion for leave to proceed *in forma pauperis* and an amended complaint,[2] adding Warden Clark and Lucas as Defendants, on July 17, 2019. (Doc. Nos. 6, 7.)

Plaintiff alleges that on April 1, 2019, while incarcerated at DCP, he was transferred to a new cell after having a physical altercation with another inmate. (Doc. No. 7 at 1.) After being relocated, Plaintiff asked Defendant Rowe when he would receive his personal property. (*Id.*) Defendant Rowe informed Plaintiff that he would receive his property the next day. (*Id.*) Plaintiff responded by cursing at Defendant Rowe and punching the wall until his hand bled. (*Id.* at 1-2.) He then

---

[2] As noted *supra*, the Court is construing Plaintiff's supplement as an amended complaint and therefore deems it to be the operative pleading in this matter.

2

informed Defendant Rowe that he needed medical attention. (*Id.* at 2.)

Instead of receiving medical attention, Plaintiff alleges that he was beaten by Defendant Brown and "others." (*Id.*) Plaintiff maintains that Defendant Brown punched him in the face several times, pinned him up against the bunk, and picked him up and slammed him onto the cell floor. (*Id.*) Another unnamed officer "speared" Plaintiff to the ground once he stood up. (*Id.*) Plaintiff asserts that he was subjected to the beating for "abou[t] 5 minutes" while Defendant Rowe stood and watched. (*Id.* at 3, 6.) Plaintiff was subsequently handcuffed and placed in a restraining chair. (*Id.* at 3-4.) He alleges that while in the restraining chair, Defendant Craig told him to "shut up and to be quiet unless [he] wanted to receive further consequences wors[e] [than] the consequences that [he] just got." (*Id.* at 4.) Plaintiff maintains that he suffers from recurring nightmares because of the incident. (*Id.* at 4-6.) As relief, Plaintiff requests damages and for all officers involved to be "suspended indefinitely." (*Id.* at 6-7.)

On August 7, 2019, the Court directed the Clerk of Court to effect service upon Defendants. (Doc. No. 12.) After receiving an extension of time (Doc. Nos. 22, 23), Defendants filed their motion to dismiss on October 21, 2019 (Doc. No. 26) and their brief in support on November 4, 2019 (Doc. No. 29).

3

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the

4

following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider

"documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."

6

*See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

Defendants seek partial dismissal of Plaintiff's amended complaint because: (1) he has failed to plead facts showing the personal involvement of any of the named Defendants other than Defendants Brown and Rowe; (2) he has not pled plausible supervisory liability claims against Defendants Warden Clark and Lucas; and (3) Plaintiff's transfer to SCI Camp Hill moots his requests for injunctive relief. (Doc. No. 29 at 3.) The Court considers each argument in turn.

#### A. Personal Involvement

Defendants assert that Plaintiff has not set forth cognizable claims against Defendants Clark, Hammer, and Craig.[3] (Doc. No. 29 at 7-8.) Upon review of

---

[3] Defendants concede that Plaintiff has stated plausible claims for relief against Defendants Brown and Rowe at this time. (Doc. No. 29 at 6-7.)

7

Plaintiff's amended complaint, the Court agrees with Defendants. Plaintiff has named Defendants Clark and Hammer in the caption, but there are no averments related to them in the body of his amended complaint. Thus, Plaintiff's claims against Defendants Clark and Hammer will be dismissed at this time. *See Robinson v. Wheary*, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing complaint pursuant to screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

With respect to Defendant Craig, Plaintiff alleges only that he told him to "shut up and to be quiet unless [he] wanted to receive further consequences wors[e] [than] the consequences that [he] just got." (Doc. No. 7 at 4.) Verbal threats, however, do not violate a prisoner's rights under the Constitution. *See James v. Varano*, No. 1:14-cv-1951, 2017 WL 895569, at *4 (M.D. Pa. Mar. 7, 2017) (citing cases); *Cabrera v. Clark*, No. 1:16-cv-392, 2016 WL 1109473, at *7 (M.D. Pa. Mar. 22, 2016). Accordingly, the Court will dismiss Plaintiff's claim against Defendant Craig as well.

B. **Supervisory Liability**

Defendants next assert that Plaintiff has not set forth plausible supervisory

liability claims against Defendants Warden Clark and Lucas. (Doc. No. 29 at 8-9.) Supervisors "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *See Iqbal*, 556 U.S. at 676. The Third Circuit has noted that there are two theories of supervisory liability applicable to claims brought pursuant to 42 U.S.C. § 1983: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second theory of liability, the plaintiff must allege that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *See Merring v. City of Carbondale*, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the instant case, Plaintiff's amended complaint fails to set forth plausible

supervisory liability claims against Defendants Warden Clark and Lucas. He does not identify a policy or practice set forth by Defendants Warden Clark and Lucas that allegedly caused the violation of his constitutional rights. Rather, Plaintiff merely alleges that Defendant Warden Clark "is the one that gave these officers jobs" and that Defendant Lucas is "[responsible] for the security [detail] and he's [responsible] for the officers that beat [him] up." (Doc. No. 7 at 7.) To the extent that Plaintiff seeks to hold Defendant Warden Clark liable for his decisions to hire the officers involved, Plaintiff has failed to identify some aspect of these officers' backgrounds that would have indicated a propensity to commit the alleged constitutional violation. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 412 (1997). Plaintiff, however, has not done so in his amended complaint. Rather, it appears that Plaintiff seeks to hold Defendants Warden Clark and Lucas liable solely because their supervisory positions at DCP, which he cannot do. Accordingly, the Court will grant Defendants' partial motion to dismiss with respect to Plaintiff's claims against Defendants Warden Clark and Lucas.

### C. Injunctive Relief

Finally, Defendants assert that Plaintiff's transfer to SCI Camp Hill moots his requests for injunctive relief. (Doc. No. 29 at 10.) The Court agrees. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (noting that "[a]n inmate's transfer from

the facility complained of generally moots the equitable and declaratory claims"). Accordingly, Defendants' partial motion to dismiss will be granted on this basis, and Plaintiff's request for injunctive relief will be dismissed as moot.

### D. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). At this time, the Court cannot conclude that it would be either inequitable or futile to allow Plaintiff to file a second amended complaint regarding his claims for damages against Defendants Clark, Craig, Hammer, Warden Clark, and Lucas. Accordingly, the Court will give Plaintiff leave to file a second amended complaint, in accordance with the directives for such set forth in the accompanying Order, within thirty (30) days.

## IV. CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss (Doc. No. 26) will be granted and Plaintiff's claims against Defendants Clark, Craig, Hammer, Warden Clark, and Lucas will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will permit Plaintiff to file a second amended complaint within thirty (30) days of the date of the Order filed concurrently with this Memorandum.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: November 26, 2019