IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA DUDLEY,<br>    Plaintiff<br><br>    v.<br><br>OFFICER TIM BROWN, *et al.*,<br>    Defendants | No. 1:19-cv-1157<br><br>(Judge Rambo) |

## **MEMORANDUM**

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 37) filed by Defendants Warden Brian S. Clark ("Warden Clark") and Director of Security Roger Lucas ("Lucas"), seeking to dismiss *pro se* Plaintiff Joshua Dudley ("Plaintiff")'s second amended complaint (Doc. No. 32) as it pertains to them. Plaintiff has neither filed a brief in opposition nor a motion seeking an extension of time to do so. Accordingly, because the time for Plaintiff to respond has expired, the partial motion to dismiss is ripe for disposition. Plaintiff has, however, filed a motion for discovery package. (Doc. No. 39.) For the following reasons, the Court will grant the motion to dismiss (Doc. No. 37) and deny Plaintiff's motion for discovery package (Doc. No. 39).

**I.     BACKGROUND**

Plaintiff, who is currently incarcerated at the State Correctional Institution Quehanna in Karthaus, Pennsylvania ("SCI Quehanna"), initiated the above-captioned action on July 3, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983

against Defendants Brown, Clark, Craig, Rowe, and Hammer, all of whom are employed at the Dauphin County Prison ("DCP"). (Doc. No. 1.) He filed a motion for leave to proceed *in forma pauperis* and an amended complaint, adding Warden Clark and Lucas as Defendants, on July 17, 2019. (Doc. Nos. 6, 7.)

Plaintiff alleges that on April 1, 2019, while incarcerated at DCP, he was transferred to a new cell after having a physical altercation with another inmate. (Doc. No. 32 at 8.) After being relocated, Plaintiff asked Defendant Rowe when he would receive his personal property. (*Id.*) Defendant Rowe informed Plaintiff that he would receive his property the next day. (*Id.*) Plaintiff responded by cursing at Defendant Rowe and punching the wall until his hand bled. (*Id.*) He then informed Defendant Rowe that he needed medical attention. (*Id.*)

Instead of receiving medical attention, Plaintiff alleges that he was beaten by Defendants Brown, Clark, Hammer, and Craig. (*Id.* at 5.) Defendant Brown allegedly punched Plaintiff in the face multiple times and threw him to the ground. (*Id.* at 9.) Plaintiff maintains that Defendants Brown, Clark, Hammer, and Craig punched, kicked, and kneed him for about five (5) minutes while Defendant Rowe stood and watched. (*Id.* at 5, 9-10.) Plaintiff was subsequently handcuffed and placed in a restraint chair. (*Id.* at 9-10.) He alleges that while in the restraining chair, Defendant Craig told him to "shut up and to be quiet unless [he] wanted to

receive further consequences wors[e] [than] the consequences that [he] just got." (*Id.* at 10.)

With respect to Defendants Warden Clark and Lucas, Plaintiff alleges that he told them what happened and asked them to investigate the incident, but they did not take any action. (*Id.* at 3.) Plaintiff indicates that he wrote a grievance to Warden Clark but heard nothing back. (*Id.* at 6.) He admits that they were not part of what happened. (*Id.*) As relief, Plaintiff requests damages as well as for all five (5) officers "to lose [their] jobs." (*Id.* at 3.)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is

facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d

4

Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

Defendants Warden Clark and Lucas seek dismissal of Plaintiff's second amended complaint because: (1) he has not pled facts showing that they were personally involved in the alleged violation and (2) Plaintiff's requests for injunctive relief are moot. (Doc. No. 40 at 4.) The Court considers each argument in turn.

### A. Personal Involvement

Defendants Warden Clark and Lucas assert that the second amended complaint "suffers from the same defects that caused this Court to dismiss all claims against these Defendants raised in Plaintiff's prior complaints." (Doc. No. 40 at 4.)

First, it appears that Plaintiff may be attempting to hold Warden Clark liable for failing to respond to his grievance. (Doc. No. 32 at 6.) Inmates, however, do not have a constitutional right to prison grievance procedures. *See Lions v. Wetzel*, No. 1:13-cv-2952, 2015 WL 2131572, at *6 (M.D. Pa. May 6, 2015). The filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. *See Pressley v. Beard*, 266 F. App'x. 216, 218 (3d Cir. 2008) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations

were referred to them."); *Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); *Ramos v. Pa. Dep't of Corr.*, No. 06-1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (concluding that where a defendant, after being informed of the violation through the filing of grievances, reports, or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant had the necessary personal involvement); *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (concluding that a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that a complaint alleging that prison officials failed to respond to the inmate plaintiff's grievance does not state a constitutional claim), *aff'd*, 142 F.3d 430 (3d Cir. 1998). Consequently, any claims asserted by Plaintiff in an attempt to establish liability against Defendant Warden Clark based solely upon the substance

of their respective responses, or lack thereof, to his grievances or administrative remedies does not support a constitutional claim. *See Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for liability); *see also Brooks*, 167 F. App'x at 925; *Ramos*, 2006 WL 2129148, at *3.

Defendants Warden Clark and Lucas also assert that Plaintiff has again failed to set forth plausible supervisory liability claims against them. (Doc. No. 40 at 4-6.) Supervisors "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *See Iqbal*, 556 U.S. at 676. The Third Circuit has noted that there are two theories of supervisory liability applicable to claims brought pursuant to 42 U.S.C. § 1983: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second theory of liability, the plaintiff must allege that "(1) existing policy or practice

9

creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *See Merring v. City of Carbondale*, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

In the instant case, Plaintiff's second amended complaint again fails to set forth plausible supervisory liability claims against Defendants Warden Clark and Lucas. He does not identify a policy or practice set forth by Defendants Warden Clark and Lucas that allegedly caused the violation of his constitutional rights. To the extent that Plaintiff seeks to hold Defendant Warden Clark liable for his decisions to hire the officers involved, Plaintiff must identify some aspect of these officers' backgrounds that would have indicated a propensity to commit the alleged constitutional violation. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 412 (1997). Plaintiff, however, has not done so in his second amended complaint. Rather, it appears that Plaintiff seeks to hold Defendants Warden Clark and Lucas liable solely because their supervisory positions at DCP, which he cannot do. Accordingly, the Court will grant the motion to dismiss with respect to Plaintiff's claims against Defendants Warden Clark and Lucas.

## B. Injunctive Relief

Defendants assert that Plaintiff's claims for injunctive relief are moot because he is "no longer subject to whatever conditions at Dauphin County Prison are caused by the employment of the COs." (Doc. No. 40 at 7.) The Court agrees. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (noting that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims"). Accordingly, the motion to dismiss will be granted on this basis, and Plaintiff's request for injunctive relief will be dismissed as moot.

## C. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672 (3d Cir. 2014) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Plaintiff has been provided multiple opportunities to amend his complaint and has failed to state a claim for relief against Defendants Warden Clark and Lucas.

11

Accordingly, the Court concludes that it would be futile to permit him leave to file a third amended complaint in this matter. *See Baker v. Ahsan*, 785 F. App'x 904, 906 (3d Cir. 2019). This case will proceed on Plaintiff's second amended complaint with respect to his claims against Defendants Brown, Clark, Craig, Rowe, and Hammer.

### D. Plaintiff's Motion for Discovery Package

Plaintiff has filed a motion for discovery package, requesting such items such as video footage, misconduct history, and other information concerning staff at the Dauphin County Prison. (Doc. No. 39.) Requests for discovery, however, "shall not be filed with the [C]ourt except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the [C]ourt." M.D. Pa. L.R. 5.4(b). Plaintiff is not asserting, pursuant to Rule 37 of the Federal Rules of Civil Procedure, that Defendants failed to make a disclosure. Nor is Plaintiff asking the Court to compel Defendants to respond to a properly served discovery request. Accordingly, there is no basis for Plaintiff's motion, and it will be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants Warden Clark and Lucas's motion to dismiss (Doc. No. 37) will be granted, and Plaintiff's claims against them will be

dismissed with prejudice. Plaintiff's motion for discovery package (Doc. No. 39) will be denied. An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Date: March 2, 2020