IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA DUDLEY, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-1157 |
|     v. | : | |
| | : | (Judge Rambo) |
| OFFICER TIM BROWN, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

On August 17, 2020, the Court received a letter from *pro se* Plaintiff Joshua Dudley ("Plaintiff"). (Doc. No. 59.) In an Order dated August 18, 2020, the Court construed Plaintiff's letter as a motion to compel discovery and to appoint counsel and directed Defendants to file a response within seven (7) days. (Doc. No. 60.) Defendants did so on August 25, 2020. (Doc. No. 63.) For the following reasons, the Court will deny Plaintiff's motion.

## I.   BACKGROUND

Plaintiff, who is currently participating in the Boot Camp program at the State Correctional Institution Quehanna in Karthaus, Pennsylvania ("SCI Quehanna"), initiated the above-captioned action on July 3, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Brown, Clark, Craig, Rowe, and Hammer, all of whom are employed at the Dauphin County Prison ("DCP"). (Doc. No. 1.) He filed an amended complaint on July 17, 2019. (Doc. No. 7.) Plaintiff alleges

that Defendants used excessive force against him on April 1, 2019. The parties are currently engaged in discovery.[1]

## II. DISCUSSION

### A. Motion to Compel

Plaintiff requests that the Court compel Defendants to produce video footage from April 1, 2019. (Doc. No. 59 at 1.) Plaintiff indicates that this video footage captures his escort and placement in a restraint chair and that "the captain saved the video tape on a video drive." (*Id.*)

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The Court's decision regarding the conduct of discovery, including whether to compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129,

---

[1] On August 31, 2020, the Court received another letter from Plaintiff in which he mentions, *inter alia*, that he is submitting a motion for leave to depose Defendants. (Doc. No. 64.) Plaintiff, however, does not need the Court's formal leave to depose Defendants. Rather, Plaintiff may make arrangements to do so by communicating with counsel for Defendants.
   Plaintiff also references interrogatories he sent to Defendants, stating that he "never heard [anything] back from them." (*Id.* at 1.) He asks the Court "to seek if [it] can look into this." (*Id.*) If Plaintiff is seeking an Order compelling Defendants to respond to certain interrogatories, he must do so by filing a proper motion to compel with the Court. Such a motion must include "a copy of the discovery matters in dispute." M.D. Pa. L.R. 5.4(c).

134 (3d Cir. 1983). A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. Accordingly, courts often—and appropriately—liberally apply discovery rules. *See Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). *See McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

In response, Defendants indicate that on August 21, 2020, "an employee of undersigned counsel's law firm contacted SCI-Quehanna in an attempt to make arrangements for Plaintiff to receive a flash drive containing digital copies of the video footage he requested, to the extent it exists." (Doc. No. 63 at 2.) However, a staff member at SCI Quehanna "advised that Plaintiff cannot receive physical packages while participating in Boot Camp." (*Id.*) The representative "also advised that Plaintiff is due for parole consideration on September 9, 2020, but is not guaranteed to be released on that date." (*Id.*) Defendants further advise that there "is no video footage directly depicting what transpired in Plaintiff's cell on April 1, 2019." (*Id.* at 2 n.1.)

3

It is clear that Defendants are not withholding the video footage from Plaintiff; instead, they have made reasonable efforts to provide the materials requested. There is, therefore, no basis upon which to grant Plaintiff's motion to compel. At this time, Plaintiff simply cannot receive the video footage because of SCI Quehanna's prohibition on boot camp participants receiving physical packages.

The Court is confident that counsel for Defendants will continue to work with Plaintiff and corrections staff to ensure that Plaintiff receives the video footage at issue. The Court, however, is cognizant of the fact that discovery in the above-captioned case is set to close on September 21, 2020. While Plaintiff will be considered for parole on September 9, 2020, there is no guarantee that he will be released on that date or that he will be released from Boot Camp at SCI Quehanna before September 21, 2020. Accordingly, while the Court will deny Plaintiff's motion to compel, the Court will direct Defendants to submit a status report addressing whether more time is needed to complete discovery and whether, in light of the restrictions placed upon Plaintiff as a Boot Camp participant, discovery and dispositive motions deadlines should be stayed pending Plaintiff's completion of Boot Camp.

### B.     Motion to Appoint Counsel

Plaintiff also requests that the Court appoint counsel to represent him in the above-captioned action. (Doc. No. 59 at 2.) Plaintiff maintains that he "really needs help and [he] really [does not] know what [he is] doing." (*Id.*) He stats further that he cannot go to the law library because of the COVID-19 pandemic. (*Id.*)

Although prisoners have no constitutional or statutory right to the appointment of counsel in civil cases, district courts have broad discretionary power to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). In *Tabron v. Grace*, the United States Court of Appeals for the Third Circuit developed a non-exhaustive list of factors to aid district courts in determining whether to appoint counsel for such litigants. *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993). Such factors include the plaintiff's ability to present his case, the complexity of the legal and discovery issues in the case, the amount of factual investigation that will be required, the necessity of expert witnesses, and whether "witness credibility is a key issue." *Id.* Additionally, "[a]s a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99 (citing *Tabron*, 6 F.3d at 155). Finally, "[t]he plaintiff's ability to present a case is '[p]erhaps the most significant' consideration and depends on factors such as

'the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . along with a plaintiff's ability to understand English . . . [and] the restraints placed upon a prisoner plaintiff by confinement.'" *Nunez v. Wertz*, Civ. No. 14-cv-0727, 2017 WL 4698092, at *1 (M.D. Pa. Oct. 19, 2017) (quoting *Montgomery*, 294 F.3d at 501).

The Court concludes that the *Tabron* factors again do not warrant appointing counsel at this time. Plaintiff has the ability to read, write, and understand English, as well as the ability to litigate this action *pro se*, as demonstrated by his filing of a complaint, amended complaint, and several other documents in this matter. Accordingly, there is no indication that Plaintiff "presently suffers from any impediment unusual to other *pro se* litigants that appear before this Court." *See Segura v. Wetzel*, Civ. No. 17-0931, 2017 WL 3495184, at *2 (M.D. Pa. Aug. 14, 2017). Additionally, the legal issues in this case are not complex, and this Court's duty to construe *pro se* pleadings liberally, *see Riley v. Jeffes*, 77 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militates against the appointment of counsel at this time. In the event that future proceedings demonstrate the need for counsel, however, the Court may reconsider this matter either *sua sponte* or upon a motion properly filed by Plaintiff. With respect to Plaintiff's concern regarding limited law library access, if he requires

6

extensions of time to respond to future pleadings and Orders requiring a response, he may request such from the Court at the appropriate time.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Doc. No. 59) is denied. Plaintiff's motion to appoint counsel (Doc. No. 59) is denied without prejudice. The Court will direct Defendants to submit, within seven (7) days of this Memorandum and accompanying Order, a status report addressing whether more time is needed to complete discovery and whether, in light of the restrictions placed upon Plaintiff as a Boot Camp participant, discovery and dispositive motions deadlines should be stayed pending Plaintiff's completion of Boot Camp. An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Date: September 3, 2020